IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY BURNETT, )<br>No. B-14533, )<br> )<br>   Plaintiff, )<br> )<br> vs. )<br> )<br>RANDY GROUNDS, )<br>DEE DEE BROOKHART,  and )<br>SUSAN KERR, )<br> )<br>   Defendants. ) | Case No. 14-cv-00824-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Terry Burnett, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events stemming from his food allergies.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Burnett is allergic to beans and fish. He requested a special diet that would accommodate his allergies, but was refused. He was told to just not eat those items, which he contends caused his health to deteriorate and resulted in pain. When Plaintiff attempted to see a prison doctor, his sick call requests were refused and/or he was required to pay a $5.00 co-pay before he would be seen by a doctor. Plaintiff was told that it was his responsibility to obtain his medical records from his personal physician to confirm his allergies, but his mail was confiscated. Plaintiff contends that the prison serves vegetarian meals and other specially tailored meals, so they should be able to accommodate his medical needs.

The complaint asserts that Warden Grounds, Health Care Administrator Susan Kerr and Assistant Warden Dee Dee Brookhart each had a hand in refusing his medical requests and interfering with his mail to his physician, which Plaintiff characterizes as deliberate indifference and negligence.

Plaintiff prays for compensatory damages and injunctive relief.

Based on the allegations in the complaint and accompanying documentation, the Court construes the *pro se* action as asserting the following claim:

> **Count 1: Warden Randy Grounds, Assistant Warden Dee Dee Brookhart and Health Care Administrator Susan Kerr were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). In a similar vein, the denial of food is not a per se constitutional violation; rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food").

Given the liberal notice pleading standard, Plaintiff's Eighth Amendment claim cannot be dismissed at this early juncture. Plaintiff has adequately described a denial of a diet that accommodated his food allergies, resulting in pain and medical side effects.

Given that the allegations must be viewed in the light most favorable to Plaintiff, the complaint also alleges sufficient personal involvement by each defendant.

Insofar as the defendants allegedly interfered with Plaintiff's efforts to secure his medical records through the mail, the Court has construed those allegations as an aspect of the Eighth Amendment deliberate indifference claim, rather than as an independent First Amendment claim. If it was Plaintiff's intention to plead a First Amendment claim, he should consider the claim inadequately pleaded under the *Twombly* standard and dismissed without prejudice. Such a claim may be pleaded in an amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1**, an Eighth Amendment claim, shall **PROCEED** against Defendants **RANDY GROUNDS**, **DEE DEE BROOKHART** and **SUSAN KERR**.

The Clerk of Court shall prepare for Defendants **RANDY GROUNDS**, **DEE DEE BROOKHART** and **SUSAN KERR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 11, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**